# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMANDO STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-01365 |
| ) | CHIEF JUDGE CRENSHAW |
| NURSE CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Amando Stewart is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He has filed *pro se* a prisoner Complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an Application (Doc. No. 2) to proceed in forma pauperis.

It appears from the Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Therefore, the Application is **GRANTED**. The Clerk will file the Complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall **NOT** issue at this time.

The Plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Plaintiff brings this action against Ms. Campbell, a nurse at the Northeast Correctional Complex, challenging conditions of his confinement. More specifically, he alleges that the defendant was deliberately indifference to his serious medical needs when she gave him the wrong medication. Doc. No. 1 at 5.

Venue for the instant case is governed by 28 U.S.C. § 1391(b). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The defendant resides in or around Johnson County. The Plaintiff's claim arose at the Northeast Correctional Complex, which is in Johnson County. Johnson County lies within the Eastern District of Tennessee, 28 U.S.C. § 123(a)(2), thus, venue for this action properly belongs in that judicial district.

Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Tennessee, Northeastern Division at Greenville, Tennessee. 28 U.S.C. § 1406(a). The Clerk is further instructed to forward a copy of this Order to the Warden of the Northeast Correctional Complex to ensure that the custodian of inmate accounts complies with the requirements of the Prison Litigation Reform Act.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE